**Thomas JOHNSON, Individually and on behalf of all others similarly situated, Plaintiff,**

v.

**UNCLE BEN'S, INC., Defendant.**

**Civ. A. No. 74–H–435.**

United States District Court,
S. D. Texas,
Houston Division.

Sept. 12, 1975.

Carol Nelkin, Nelkin & Nelkin, Houston, Tex., for plaintiff.

Robert S. Bambace, Philip J. Pfeiffer, Fulbright & Jaworski, Houston, Tex., for defendant.

## ORDER

SEALS, District Judge.

The Court determines that the Plaintiff's case is maintainable under F.R. Civ.P. 23(b)(2) on his own behalf, and on behalf of all other black and Mexican-American persons who have been employed or are employed or may in the future be employed by the Defendant Uncle Ben's, Inc. *Rodriguez v. East Texas Motor Freight*, 5th Cir. 1974, 505 F.2d 40. This action is maintainable as to the class of Mexican-American Plaintiffs under both 42 U.S.C.A. § 1981 and Title VII, 42 U.S.C.A. § 2000e *et seq.* In view of the fact that the Court grants today in part Plaintiff's motion for leave to file an amended complaint, the Court finds that Thomas Johnson properly followed the available administrative remedies and therefore the case should include his Title VII claims.

However, the Court hesitates to grant the Plaintiff's motion to include as a party defendant Mars, Inc. Even accepting as true the Plaintiff's affidavit attesting to the interconnected promotional network between Uncle Ben's, a wholly-owned subsidiary, and the parent corporation, Mars, Inc., the Court concludes that to expand this class action to the conceivably international perimeters of Mars, Inc. in the name of every black and Mexican-American ever employed in the past, currently, or in the future would so severely tax the resources

of this Court as to prejudice the rights of the complainant against the local subsidiary. In reviewing the pleadings the Court concludes that Mars, Inc. is not such an indispensable party under F.R.Civ.P. 19 as to deprive the Plaintiff of an adequate remedy in the event that he succeeds in his action. While in and of itself the sheer size of the class need not necessarily defeat a class action. See generally, *The Manual For Complex Litigation*, ¶ 1.43(CCH Ed. 1973), that factor plus the serious docket problems of the Southern District of Texas persuades this Court that in order to give the Plaintiff's case the attention it deserves, it is necessary to decline to join Mars, Inc. at this point in time. *See, United Producers v. Bauer International Corp.*, S.D.N.Y.1973, 311 F.Supp. 1375; *Philadelphia v. American Oil Co.*, D.N.J.1971, 53 F.R.D. 45.

█ In accordance with the above rulings, Defendant is directed to respond to the Plaintiff's Interrogatories requesting past hiring policies of Mexican-Americans by Uncle Ben's. In addition, Defendant is to respond to the best of his ability to *all* interrogatories requested by the Plaintiff regarding pre-1960 minority hiring policies of the Defendant. *Burns v. Thiokol Chemical Corp.*, 5th Cir. 1973, 483 F.2d 300.

Lastly, Defendant's motion for leave to interview witnesses pursuant to Local Rule 6 is granted, subject to the appendix limitations ordered by Judge Singleton in *Haggerty v. Exxon Corp.*, C.A. No. 74–H–617.

### APPENDIX

Counsel for Plaintiffs and counsel for Defendant may communicate with potential class members subject to the following limitations or restrictions:

1. Communication will be limited to group meetings attended by potential class members, counsel for Plaintiffs, and counsel for Defendant. The date, time and location of each such meeting shall be agreed upon by counsel for Plaintiffs and counsel for Defendant.

2. Notice of each such group meeting will be mailed to the residence of each potential class member. The form, contents and time of mailing of the notice shall be agreed upon by counsel for Plaintiffs and counsel for Defendant.

3. At the beginning of each group meeting this Order of the Court will be read aloud to the persons in attendance.

4. The group meetings will be attended by counsel for Plaintiffs and counsel for Defendant but not by the named Plaintiffs or any representative of Defendant.

5. Counsel for Plaintiffs and counsel for Defendant will have the opportunity at each group meeting to present a prepared statement concerning the captioned lawsuit. Said statements will be submitted to opposing counsel at least 10 days before the meeting at which the statements are presented and any modifications of counsel's statement based on the statement of opposing counsel will be submitted to opposing counsel at least 5 days prior to the meeting at which the statements are presented.

6. Counsel for Plaintiffs and counsel for Defendant will be permitted to propound written questions to the potential class members who attend the group meetings. Responses to the written questions must be completed and tendered to counsel for Plaintiffs and counsel for Defendant at the close of each meeting.

   All written questions to be propounded to the potential class members at a group meeting will be submitted to opposing counsel at least 10 days prior to the group meeting at which the questions are to be propounded.

7. The potential class members will be permitted to question counsel for the Plaintiffs and counsel for Defendant only for the purpose of clarifying

the written questions submitted by counsel for Plaintiffs and Defendant to the potential class members.

8. Each group meeting will be recorded by a qualified court reporter to be approved by both Plaintiffs and Defendant.

9. The aforesaid group meetings are to be held after June 30, 1975 and before July 18, 1975.

10. Neither Plaintiffs' counsel nor Defendant's counsel will:

(a) solicit legal representation of potential or actual class members;

(b) solicit fees and expenses or agreements to pay fees and expenses;

(c) solicit class members to opt out of the class; or

(d) misrepresent the status, purpose, and effects of this action.